IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

INTERIM NON-DISPOSITIVE
OPINION.  NO MANDATE WILL BE
ISSUED AT THIS TIME.

DAMEON TREMAYNE MOORE,

     Petitioner,

 v.                           Case No.  5D18-1474

STATE OF FLORIDA AND CORNITA A. RILEY,
AS CHIEF OF ORANGE COUNTY CORRECTIONS,

     Respondents.

_____/

Opinion filed May 23, 2018

Petition for Writ of Habeas
Corpus, A Case of Original
Jurisdiction.

Robert Wesley, Public Defender, and
Robert Adams, Assistant Public Defender,
Orlando, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and L. Charlene Matthews,
Assistant Attorney General, Daytona
Beach, for Respondents.

PALMER, J.

     Dameon Moore petitions this court seeking a writ of habeas corpus. We grant the

petition.[1]

_____

     [1] In an order dated May 14, 2018, we granted the petition with an opinion to follow. The order directed the trial court to promptly hold a hearing on Moore's motion to reduce bail.

Moore was arrested for aggravated stalking after an injunction and for violating a condition of pretrial release in a domestic violence case. At his initial appearance, the trial court set bail at $25,000 for the stalking charge and $1,500 for the violation charge. Moore subsequently filed a motion to reduce his bail which the trial court denied as being "legally insufficient." Moore challenges this ruling.

Generally, every person charged with a crime "shall be entitled to pretrial release on reasonable conditions." Art. 1, §14, Fla. Const. After bail has been set, "[a]n application for modification of bail on any felony charge must be heard by a court in person, at a hearing with the defendant present, and with at least 3 hours' notice to the state attorney." § 903.035(2), Fla. Stat. (2017); accord Fla. R. Crim. P. 3.131(d)(2). Thus, since section 903.035(2) and rule 3.131(d)(2) both required that Moore's motion for bail modification be heard in person by the court, his motion was  improperly denied without a hearing.[2]

Accordingly, we grant the petition and remand this matter to the trial court for a proper rule 3.131(d) hearing.

PETITION GRANTED; CAUSE REMANDED.

ORFINGER and EDWARDS, JJ., concur.

---

[2] The instant petition alleges that, since March 13, 2018, when attorneys with the Office of the Public Defender have filed bail motions requesting a hearing before this trial judge, they have received emails from the judge denying the motions without prejudice. The judge has also attached to each email a 35-paragraph template, suggesting that completion of the template would render the defendant's motion sufficient. However, the template seeks some information which is unnecessary or improper for consideration in connection with a motion to reduce bail. While no specific information is required to be included in a motion to reduce bail, the factors set forth in rule 3.131(b)(3)-(6) of the Florida Rules of Criminal Procedure and section 903.046(2) of the Florida Statutes (2017) are helpful in placing the State and the trial court on notice of the factors on which the defendant intends to rely. Importantly, the failure to include those factors in the motion does not automatically render the motion legally insufficient.