PER CURIAM.
*274 Petitioner, Paul Matthew Calzetta, seeks a writ of habeas corpus directing the lower court to hold a hearing for the purposes of setting a new bond and reasonable conditions for pretrial release. We grant the petition, quash the order denying the motion to set bond after recommitment, and remand to the lower court for a hearing.
The State charged Petitioner with Trafficking in 200 Grams or More of Methamphetamine and Possession of a Controlled Substance with Intent to Sell or Deliver, which are felony offenses. Petitioner bonded out of custody, but later violated a condition of his pretrial release by failing to complete a drug test. The State filed a motion to revoke Petitioner's pretrial release, which the lower court granted. The court then set Petitioner's bond at zero. Subsequently, Petitioner filed a motion to set a new bond, which was denied without a hearing.
As required by both statute and rule, "[a]n application for modification of bail on any felony charge must be heard by a court in person, at a hearing with the defendant present, and with at least three hours' notice to the state attorney." § 903.035(2), Fla. Stat. (2017) ; cf. Fla. R. Crim. P. 3.131(d)(2). Thus, Petitioner's motion to set a new bond was improperly denied without a hearing. See Moore v. State, 247 So.3d 672, 673 (Fla. 5th DCA 2018).
Accordingly, we grant the petition, quash the order under review, and remand this matter to the lower court for a proper hearing.
PETITION GRANTED; ORDER QUASHED; and CAUSE REMANDED.
EVANDER, C.J., HARRIS and GROSSHANS, JJ., concur.